IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MARCOTTE, | No. C 05-05160 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S JURY DEMAND AND VACATING HEARING** |
| ALLSTATE INDEMNITY CO. AND DOES 1–20, | |
| Defendants. / | |

## INTRODUCTION

Defendant Allstate Indemnity Co. moves to strike plaintiff Kelly Marcotte's demand for jury trial on ground that it was untimely. Plaintiff filed her demand for jury trial sixty-five days late. Defendant's motion therefore is **GRANTED**. The hearing on this motion is **VACATED**.

## STATEMENT

The complaint in this action was filed in Contra Costa Superior Court (Compl. at 1). The complaint and summons were received by defendant's registered agent by certified mail on November 14, 2005 (Notice of Removal ¶ 3). On December 12, 2005, defendant served its answer upon plaintiff's counsel (Proof of Service, Answer). No jury demand was made in the complaint (Compl.; Opp. 2). Plaintiff does not allege that she made any jury demand in state court at all. The state-court action was removed to the district court on December 13, 2005. Plaintiff's counsel was served with notice of the removal petition that same day (Notice of

Removal 1, 4). On March 3, 2006, plaintiff demanded jury trial for the first time in this action (Plaintiff Kelly Marcotte's Demand for Jury Trial).

**ANALYSIS**

The timing of jury demands in removed actions is governed by Federal Rule of Civil Procedure 81(c):

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.
> . . . The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

In this action, all necessary pleadings apparently had been served at the time of removal. Defendant's agent had received the summons and complaint. The answer had been served upon plaintiff. Ms. Marcotte does not allege that there was any necessary pleading that had not been served. Because she was not the party petitioning for removal, she was required to demand jury trial within ten days of service of the notice of removal. The notice of removal was served December 13, so she had to file her demand within the next ten days. In computing that period of time, we must exclude the day the notice was served and all intermediate Saturdays, Sundays and legal holidays. Under Federal Rule of Civil Procedure 6(a), Christmas Day is a legal holiday. Therefore, the demand was due by December 28, 2005. Because plaintiff failed to make it by then, she waived any Rule 38 entitlement to trial by jury.

Plaintiff claims that her demand was not required because this Court never directed that she do so within a specified time period. The part of Rule 81(c) that requires a court order to set the deadline for jury demands does not apply here. It would apply only if state law applicable in Contra Costa Superior Court had not required plaintiff to make an express demand for jury trial. State law applicable in that court, however, did require an express demand. If a party in state court does not announce that a jury is required, he or she has waived the right.

2

Cal. Civ. Proc. Code § 631(d)(4). That state-court requirement is an "express demand" under Rule 81(c). *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983). The ten-day deadline therefore applied to plaintiff.

Plaintiff points out that such an announcement in state court is not due until after a trial date is set and that the Superior Court had not set a trial date by the time the action was removed to federal court (Opp. 2). Plaintiff does not use these facts as the basis for a legal argument against granting the motion to strike. For the sake of thorough consideration of the motion, however, this order treats these arguments as if they had been made.

Rule 81(c) applies the ten-day deadline no matter whether the state required its express demand before the time at which the case was removed. This holding is supported by *Pacific Fisheries Corp. v. HIH Casualty and General Insurance, Ltd.*, 239 F.3d 1000, 1002–03 (9th Cir. 2001). In that case, counsel argued that the failure to file a jury demand within the ten-day period should be excused because it was based on a mistake of law by trial counsel, which caused him not to "realize that California procedure, although it does not require 'express demands' for a jury prior to the case being set for trial, does not support waiting for the District Court's order or trial setting before filing a demand for a jury under F. R. Civ. Proc. § 81(c)." Appellant's Opening Br. at 12, 1999 WL 33912320, *Pac. Fisheries Corp.*, 239 F.3d 1000 (9th Cir. 2001) (No. 99-16209). The Ninth Circuit rejected that argument. *First*, it stated that the failure to file the demand on time was an error. That holding is directly on point in the instant action, requiring that plaintiff's demand be filed within ten days, despite the fact that she had not yet been required to file it in state court at the time of removal. *Second*, the Ninth Circuit held that the delay in filing the demand was due to inadvertence or oversight, neither of which justified the late request. *Pac. Fisheries Corp.*, 239 F.3d at 1002–03.

Plaintiff also argues that, even if she failed to properly demand trial by jury, the Court should grant her one in its discretion. The Court "in its discretion upon motion may order a trial by a jury of any or all issues." FRCP 39(b) (emphasis added). No one, however, has moved for a jury trial. Without such a motion, the Court has no power to order a trial by jury. The Court therefore refuses to do so at this time.

**CONCLUSION**

Plaintiff waived her right to trial by jury. The motion to strike the jury demand therefore is **GRANTED**. The hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 3, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4